### William H. Swanson, Appellant, v. C. B. Fisher, Appellee.

### Gen. No. 16,470.

1. INJUNCTIONS—*appeal*. An appeal from an interlocutory injunction does not remove the entire cause from the lower court but only the order appealed from, and on reversal a remanding order is unnecessary.

2. INJUNCTIONS—*damages*. Where an order granting an interlocutory injunction is reversed by the Appellate Court, a suggestion of damages may be made in the trial court though there is no remanding order.

Appeal from the Superior Court of Cook county; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Heard in this court at the March term, 1910. Affirmed. Opinion filed June 17, 1912.

DOUGLAS C. GREGG, for appellant.

HOYNE, O'CONNOR, HOYNE & IRWIN, for appellee; CARL J. APPELL, of counsel.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

In the above entitled cause an interlocutory injunction was entered by the Superior Court of Cook county February 26, 1909, restraining the prosecution of a

suit at law in the Municipal Court of Chicago. The suit enjoined was for rent alleged to be due from Swanson to Fisher on a lease of a theater in Springfield, Ohio. The bill in the cause asked also a cancellation of the lease on which the rent was said to be due. From the order granting this injunction the defendant Fisher appealed to this court, as allowed by the statute. The order was reversed by this court April 12, 1909.

The effect of that reversal was to dissolve the injunction granted by the court below. Thereupon, during the pendency of the cause in the Superior Court, the defendant filed therein suggestion of damages, and on a hearing the Superior Court, December 7, 1909, assessed the damages at $296.50, and awarded execution therefor. From this judgment order the complainant Swanson appealed to this court. This appeal is the one at bar. The gist of appellant's complaint seems to be that because there was no remanding order entered in this court when the interlocutory injunction order involved was reversed, the Superior Court did not have any right to entertain a suggestion of damages springing from the injunction. It does not very clearly appear from the argument of the appellant whether or not this view is based on the position that the reversal by this court absolutely disposed of the cause in the Superior Court, but in any event it is a misconception.

The cause itself was not remanded on the reversal of the interlocutory injunction order by us, because it was not in this court to remand. It remained in the Superior Court. The review of the interlocutory order was made by us under a statute which makes a specific exception to the general rule that the orders in a cause cannot be appealed from "piecemeal," but that final disposition of the cause must have been made before any part of it is taken up. Our reversal of the injunction order left the cause pending in the Superior

Court, as it had been during our consideration of it and before; the only change in its status being that there was no longer an injunction *pendente lite.* There was relief, moreover, other than an injunction asked by the bill. That injunction had been dissolved as effectively and with the same result as though the Court below had dissolved it. A suggestion of damages was in order, and we see no error in the judgment made on it. We are not prepared, however, to say that the appeal, although, in our opinion, futile, was taken merely for delay, and shall not allow damages in this court, as requested by appellee.

The additional abstract filed by appellee, however, appears to us to have been necessary, and the cost of it will be taxed against the appellant.

The order of the Superior Court of December 7, 1909, herein appealed from, is affirmed.

*Affirmed.*